IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| TORRENCE BALLENTINE, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 16-2189-STA-tmp |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL
_____

Before the Court is a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") filed by Petitioner Torrence Ballentine ("Ballentine"), Bureau of Prisons register number 26760-076, an inmate at FCI Memphis in Memphis, Tennessee (§ 2255 Motion, ECF No. 1.) For the reasons stated below, Ballentine's § 2255 Motion is **DENIED**.

## BACKGROUND

I.  **Criminal Case Number 14-20057**

On February 27, 2014, a federal grand jury sitting in the Western District of Tennessee returned an indictment against Ballentine, charging him with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*See* Indictment, *United States v. Torrence Ballentine*, 2:14-cr-20057-1-STA (W.D. Tenn.), ECF No. 1.) Ballentine decided to plead to the indictment and changed his plea to guilty at a change of plea hearing on July 24,

1

2014.  On December 23, 2014, the Court sentenced Ballentine to a term of imprisonment of 30 months to be followed by three years' supervised release and imposed a special assessment of $100.  The Clerk entered judgment (ECF No. 54) on December 29, 2014.  Ballentine did not take a direct appeal.  Following the entry of judgment, the Court entered an order on January 5, 2015, directing Ballentine to surrender to the Bureau of Prisons on February 10, 2015.  The Court went on to grant three separate motions filed by Ballentine to delay his surrender date and set a final surrender date of September 30, 2015.  The Court denied Ballentine's fourth motion to delay his surrender date.

  **B.** **Civil Case 16-2189**

On March 14, 2016, Ballentine filed his *pro se* § 2255 Motion.  Ballentine subsequently filed a number of additional motions: a motion to supplement (ECF No. 4) filed on April 8, 2016; a motion to clarify certain issues (ECF No. 5) filed on April 25, 2016; a motion to supplement (ECF No. 6) filed on May 20, 2016; and a motion for traverse and supplement (ECF No. 9) filed on June 3, 2016.  On June 27, 2016, the Court entered an order denying Ballentine's motions and directing him to file an amended petition on the official form raising all of his claims for relief on the official form.  Ballentine filed his amended petition (ECF No. 13) on July 14, 2016.  Ballentine's amended petition raises three grounds for relief: (1) that the Court improperly enhanced his sentence for using a firearm in the commission of a felony; (2) that the Court miscalculated his criminal history points and sentenced Ballentine under a higher base offense level as a result; (3) that trial counsel was ineffective for failing to raise these errors with the Court at sentencing.

On August 25, 2016, the Court directed the United States to respond to Ballentine's amended petition, and the government filed its response on August 30, 2016.  In its response, the

2

United States argues that Ballentine's § 2255 Motion is time-barred. The Court entered judgment against Ballentine on December 29, 2014. Ballentine did not appeal the judgment. As such, the judgment became final ten days later on January 7, 2015. Ballentine's one-year statute of limitations to file his § 2255 Motion began to run on that date and expired on January 7, 2016. Ballentine filed his initial petition on March 24, 2016, outside of 28 U.S.C. § 2255(f)(1)'s one-year limitations period. The government notes that Ballentine's amended petition asserts that the statute of limitations did not begin to run until Ballentine surrendered to serve his sentence in September 2015. The government argues that there is no authority supporting such a view of when the judgment against Ballentine became final. Therefore, the Court should dismiss the petition as untimely.

## STANDARD OF REVIEW

Ballentine seeks habeas relief in this case pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[1] A § 2255

---

[1] *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (internal quotation marks omitted).

motion is not a substitute for a direct appeal.[2] "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings."[3] "Defendants must assert their claims in the ordinary course of trial and direct appeal."[4] The rule, however, is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.[5]

Procedural default bars even constitutional claims that a defendant could have raised on direct appeal, but did not, unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise the issues previously.[6] Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence."[7]

---

[2] *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013); *see also Sunal v. Lange*, 332 U.S. 174, 178 (1947).

[3] *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976).

[4] *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

[5] *Id.*

[6] *See El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3dd 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors).

[7] *Bousley v. United States*, 523 U.S. 614, 662 (1998); *Vanwinkle v. United States*, 645 F.3d 365, 369-70 (6th Cir. 2011).

Dismissal of a § 2255 motion is mandatory if the motion, exhibits, and the record of prior proceedings show that the petitioner is not entitled to relief.[8] If the habeas court does not dismiss the motion, the court must order the United States to file its "answer, motion, or other response within a fixed time, or take other action the judge may order."[9] The petitioner is then entitled to reply to the government's response.[10] The habeas court may also direct the parties to provide additional information relating to the motion.[11] The petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence.[12]

## **ANALYSIS**

"A motion filed pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitations, with the limitations period beginning to run from the latest of four possible dates."[13]

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[14]

---

[8] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

[9] *Id*.

[10] Rule 5(d), Section 2255 Rules.

[11] Rule 7, Section 2255 Rules.

[12] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

[13] *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (quoting *Benitez v. United States,* 521 F.3d 625, 629 (6th Cir. 2008)).

[14] 28 U.S.C. § 2255(f); *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013).

In this case, § 2255(f)(1) applies, and the statute of limitations for Ballentine' collateral attack began to run from the date on which the judgment of conviction became final. "A conviction becomes final when the time for direct appeal expires and no appeal has been filed."[15] The Court entered judgment on December 29, 2014, and Ballentine did not take a direct appeal. The United States argues that the judgment against Ballentine became final ten days later. Assuming then that the one-year statute of limitations began to run from that date, Ballentine' § 2255 Motion is untimely. Ballentine filed his Motion on March 24, 2016, more than two months after the statute of limitations had expired. Ballentine argues that the statute of limitations on his § 2255 claims did not commence until he self-surrendered to serve his sentence. But Ballentine's argument ignores the plain statutory text of § 2255(f)(1) and the Sixth Circuit case law construing that paragraph. Therefore, the Court holds that Ballentine' Motion is time-barred, and Ballentine has not shown how equitable tolling of the one-year statute of limitations for his § 2255 Motion is warranted.[16]

Having concluded that Ballentine' Motion is time-barred, the § 2255 Motion must be **DISMISSED**. Ballentine's other requests for relief, including his Motion for Injunction (ECF No. 7) filed on May 20, 2016; and his Motion for Appointment of Counsel (ECF No. 11) and Motion to Compel (ECF No. 12), both filed on June 27, 2016, are **DENIED** as moot.

---

[15] *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013).

[16] *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010) ("[E]quitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline

**Appeal Issues**

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."[17] No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue(s) that satisfy the required showing.[18] A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[19] A COA does not require a showing that the appeal will succeed.[20] Courts should not issue a COA as a matter of course.[21]

In this case, for the reasons previously stated, the issue raised by Ballentine lacks substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. Therefore, the Court **DENIES** a certificate of appealability.

---

unavoidably arose from circumstances beyond that litigant's control.") (internal quotation marks omitted).

[17] 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).

[18] 28 U.S.C. §§ 2253(c)(2) & (3).

[19] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

[20] *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).

[21] *See Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.[22] Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).[23] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[24] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.[25]

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[26]

---

[22] *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).

[23] *Id.* at 952.

[24] *See* Fed. R. App. P. 24(a)(1).

[25] *See* Fed. R. App. P. 24(a) (4)-(5).

## CONCLUSION

Ballentine' Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 was filed outside of the statute of limitations for such motions. Ballentine has not shown why he is entitled to any relief. Therefore, Ballentine' § 2255 Motion is **DISMISSED.**

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 16, 2016.

---

[26] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.